**Order entered November 14, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01413-CR

### ERIK JAMAL JACKSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 1
### Dallas County, Texas
### Trial Court Cause No. F11-63319-H

## ORDER

The reporter's record is overdue in this appeal. The clerk's record contains appellant's November 14, 2012 request for preparation of the record and a letter to Crystal Jones, official court reporter of the Criminal District Court, identifying the trial dates and the anticipated due date of the record. Appellant is represented by court-appointed counsel, who stated in the letter that appellant was entitled to proceed without payment for the record. The Court has had no correspondence from the court reporter seeking an extension of time to file the record or otherwise explaining the delay in filing the record.

Accordingly, the Court **ORDERS** the trial court to make findings of fact regarding why the reporter's record has not been filed.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a supplemental record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/     LANA MYERS
        JUSTICE